1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Shannon Starr Bryan Children's Trust, by Keith McPhalen, Trustee; and Shannon Starr Bryan,<br><br>    Plaintiffs,<br><br>vs.<br><br>Edward Palos, et al,<br><br>    Defendants. | No. CV 06-2236-PHX-MHM<br><br>**ORDER** |

Currently, before the Court is Plaintiffs', the Shannon Starr Bryan Children's Trust, by Keith McPhalen, Trustee and Shannon Starr Byran ("Plaintiffs"), Motion to Proceed in forma pauperis. (Dkt.#3). Having reviewed the Motion, the Court issues the following Order.

Plaintiffs' Motion to proceed in forma pauperis demonstrates that Plaintiffs do not possess the means to pay the filing fee in this case. Accordingly, the Court will grant the application for leave to proceed in forma pauperis.

However, the Motion to proceed in forma pauperis requires the Court to screen the Complaint. See 28 U.S.C. §§ 1915(a) and (e)(2). In screening a complaint filed with a request to proceed in forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i),(ii).

1 Plaintiffs' Complaint which has over 25 named defendant individuals and entities, 2 states that jurisdiction in this Court is proper based upon diversity. Specifically, the 3 Complaint states "[t]his Court has proper jurisdiction because there is vast diversity of 4 residency in different states with respect to several defendants, potential plaintiffs and key 5 witnesses." (Complaint, Dkt.#1). Moreover, Plaintiffs allege that all of the Defendants 6 "have committed various frauds upon the Plaintiff(s) and various courts and court officials 7 in order to misuse the judicial system to enrich themselves and/or retaliate against Plaintiff(s) 8 for asserting their legal rights against Defendant(s)." (Id.). There are no other substantive 9 allegations in the Complaint. The Court finds that such broad and bare allegations are 10 insufficient to state a claim. First, it is not clear whether jurisdiction in this Court is proper 11 as Plaintiffs state only that there is diversity jurisdiction under 28 U.S.C. § 1332(a). 12 Plaintiffs do not detail how there is complete diversity between the Plaintiffs and Defendants 13 in this case. See Lee v. American Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001) (stating 14 that to bring diversity case in federal court against multiple defendants, each plaintiff must 15 be diverse from each defendant) (citations omitted). Moreover, Plaintiffs make no allegation 16 that the amount in controversy is over $75,000. See 28 U.S.C. § 1332. Without sufficient 17 statements demonstrating that jurisdiction is appropriate, this court will decline to exercise 18 jurisdiction over this matter. Second, Plaintiffs allege only in very broad terms that each of 19 the named Defendants has engaged in fraud against Plaintiffs. Such a broad allegation is not 20 sufficient to satisfy the pleading requirement of Rule 8(a)(1) of the Federal Rules of Civil 21 Procedure which requires that a complaint contain a "short and plain statement of the claim 22 showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1), Fed.R.Civ.P. states 23 that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiffs' 24 Complaint, while apparently alleging a claim based upon fraud fails to set forth sufficient 25 factual allegations in support of this claim. Finally, it is also relevant to note that to 26 sufficiently plead a claim based upon fraud it must be plead with particularity. Fed.R.Civ.P. 27 9(b).

28

- 2 -

1   Thus, in the light of the above-mentioned deficiencies in Plaintiffs' Complaint the
2 Court will dismiss with leave to amend as it finds that Plaintiffs have failed to state a claim
3 upon which relief can be granted and failed to sufficiently invoke this Court's jurisdiction.
4   **Accordingly,**
5   **IT IS HEREBY ORDERED** granting Plaintiffs' Motion to proceed in forma
6 pauperis, without prepayment of costs or fees or the necessity of giving security therefore.
7 Plaintiffs shall be responsible for service by waiver or of the summons and complaint.
8 (Dkt.#3).
9   **IT IS FURTHER ORDERED** directing the Clerk's office to withhold providing
10 Plaintiffs with the service packet until the Court has screened Plaintiffs' amended complaint,
11 should they choose to file one.
12   **IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice with
13 leave to amend.  Plaintiffs shall have 20 days from the date this Order is filed in which to file
14 an amended complaint.  The amended complaint must be retyped or rewritten in its entirety
15 and may not incorporate any part of the original complaint by reference.  Any amended
16 complaint submitted by Plaintiffs should be clearly designated as such on the face of the
17 document.
18   **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment
19 of dismissal without prejudice and without further notice to Plaintiffs, if Plaintiffs fail to
20 timely file an amended complaint within 20 days from the date this Order is filed.
21   **DATED this 11th day of October, 2006.**

_____
Mary H. Murgula
United States District Judge